9/10/2018 4:20 PM
18CV40045

1

2

3

4

5          IN THE CIRCUIT COURT FOR THE STATE OF OREGON

6                FOR THE COUNTY OF MULTNOMAH

7   BLANCA AGUIRRE,                 Case No. _____

8         Plaintiff,               COMPLAINT
                                  (Negligence; Battery; Assault; Violations of

9         vs.                   42 USC §1983; False Arrest; Defamation)

10   PORT OF PORTLAND, a Municipal     Claim Amount: $600,000
    Corporation, DOES 1 through 4,

11   POLLIN HOTELS II, LLC, an Oregon    (Not Subject to Mandatory Arbitration)
    limited liability company, doing business

12   as SHERATON PORTLAND AIRPORT    ORS 21.160(1)(c)
    HOTEL, STARWOOD HOTELS &

13   RESORTS WORLDWIDE, LLC, a      Jury Demand
    foreign limited liability company doing

14   business as FOUR POINTS BY
    SHERATON,

15

16         Defendants.

17       Plaintiff alleges:

18                      1.

19       At all material times hereto, Plaintiff Blanca Aguirre ("Plaintiff") was a resident of

20   California and traveling through Portland, Oregon.

21                      2.

22       Defendant Port of Portland ("the Port") is a port district and municipal corporation of the

23

24   Page 1 - COMPLAINT

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

1   State of Oregon with its principal place of business in the City of Portland, Multnomah County,

2   Oregon.

3                                               3.

4       The Port owns and operates the Portland International Airport, located at 7000 NE

5   Airport Way, in Portland, Multnomah County, Oregon, as well as the Port of Portland police.

6                                               4.

7       Defendants DOES 1 through 4 ("Officers DOE") were employees of the Port of Portland

8   police and acting as law enforcement officers within the scope of their employment/agency and

9   acting under color of law.

10                                              5.

11      Defendant Pollin Hotels II, LLC is an Oregon limited liability company, doing business

12  as Sheraton Portland Airport Hotel located at 8235 NE Airport Way in Portland, Oregon ("PDX

13  Sheraton").

14                                              6.

15      Defendant Starwood Hotels and Resorts Worldwide, is a foreign limited liability

16  company, doing business as Four Points by Sheraton located at 1919 NE 181st Avenue, Portland

17  Oregon, 97230 ("Four Points Sheraton").

18                              <u>VENUE AND JURISDICTION</u>

19                                              7.

20      Venue and Jurisdiction is proper in this Court because the acts or occurrences giving rise

21  to this cause of action took place in the City of Portland, Multnomah County, Oregon.

22  ///

23

24  Page 2 - COMPLAINT

1          FACTUAL ALLEGATIONS

2                        8.

3          Plaintiff is a small, Hispanic female whose first language is Spanish.  Plaintiff has no

4    criminal convictions and, until the incidents described herein, had never been arrested.  Plaintiff

5    does not use drugs or alcohol and was not under the influence of either during the incidents

6    described herein.  Plaintiff presents as a respectable and law-abiding citizen.

7                        9.

8          Late in the evening of October 24, 2017, Plaintiff was at the Portland International

9    Airport having missed her flight *en route* to her home in Palm Springs, California.  Alternate

10   flights were unavailable and it was late in the day. Plaintiff searched for nearby hotels and

11   reserved a room at a Sheraton Hotel, reservation confirmation number 772273582.

12                       10.

13         "Maria" a booking agent for Sheraton spoke with Plaintiff and assisted her with booking

14   a room at Four Points Sheraton.  Plaintiff received an emailed confirmation of her reservation.

15                       11.

16         Plaintiff then waited for, and ultimately boarded, a Sheraton shuttle.  The shuttle's first

17   and final stop was at PDX Sheraton.  Everybody got off of the shuttle, except for Plaintiff.  The

18   shuttle driver asked Plaintiff where she was headed.  Plaintiff told the driver that her destination

19   was Four Points Sheraton. The driver asked whether Plaintiff had a reservation at Four Points

20   Sheraton and Plaintiff confirmed that she did.  The shuttle driver placed a call by speakerphone

21   and the voice on the other end of the call stated that they did not have a record of Plaintiff's

22   reservation at Four Points Sheraton.  Plaintiff showed the shuttle driver the hotel confirmation

23

24   Page 3 - COMPLAINT

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

1  number on her cell phone.  Despite the confirmation number, the shuttle driver was unable to

2  confirm Plaintiff's reservation.  Plaintiff alighted from the shuttle and entered the PDX Sheraton

3  where the shuttle was parked.

4                                                        12.

5          Inside PDX Sheraton's lobby, Plaintiff approached the concierge desk and spoke with an

6  employee identified as "Dave".  By then, Plaintiff had been able to get "Maria" back on the

7  telephone and asked that Maria speak with Dave.  Maria agreed to talk to Dave, so Plaintiff

8  attempted to plug her cell phone charger into an outlet next to the concierge desk while handing

9  the telephone to Dave to speak with Maria regarding the reservation.

10                                                        13.

11         As Plaintiff went to plug her charger into the outlet, "Dave" suddenly and violently

12  reacted and began yelling at Plaintiff.  Dave was gesticulating in such a manner that Plaintiff

13  feared for her safety.  Plaintiff was shocked by this behavior and asked Maria (who was still on

14  the telephone) to call the police.  Maria stated that she was unable to do so; however, the police

15  had been called and very shortly afterward arrived at PDX Sheraton.

16                                                        14.

17         Officers DOE (four officers) entered the hotel lobby.  They shouted at Plaintiff and told

18  her to get off the phone.  Plaintiff hung up the phone and attempted to present her identification

19  when Officers DOE immediately, and without provocation, tackled Plaintiff to the ground.

20  When Officers DOE forced Plaintiff's body to the ground, they caused her head, face, arm, and

21  leg to impact the ground forcefully.  Officers DOE remained on top of Plaintiff and kept her in a

22  painful hold.  While Plaintiff was on the ground, she pled for help to indifferent officers, hotel

23

24      Page 4 - COMPLAINT

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

1   staff, and third parties.

2                                    15.

3        Officers DOE then roughly picked up Plaintiff's body, pulled her outside, and threw her

4   into the back of a patrol car.  Officers DOE did not read Plaintiff her *Miranda* rights; they did not

5   inform her of any charges against her.  Officers DOE had excessively tightened the handcuffs on

6   Plaintiff to the point that they were digging into her wrists, and causing Plaintiff pain and

7   numbness.  While in the back of the patrol car, Plaintiff was confused, crying, and having trouble

8   breathing.  She asked one of the officers for water, to which the officer responded, "You're not

9   getting nothing."  While waiting in the patrol car, terrified, and in pain, Plaintiff watched as

10  Officers DOE chatted and laughed with PDX Sheraton employees.  When one of the officers

11  returned to the patrol car, he said, "Guess what?  I'm reading you your rights."  Plaintiff asked,

12  "Why?," and the officer responded that she was being charged with "Harassment."

13                                   16.

14       At some point, Plaintiff spoke with a Spanish speaking officer, and asked, in Spanish,

15  "Why did they attack me?" The officer responded with only a shrug.

16                                   17.

17       Officers DOE transported Plaintiff to the Port of Portland police station where she

18  complained of the pain and injuries that resulted from the handcuffs being too tight.  Plaintiff

19  asked the Port for a doctor or nurse and an officer's response was, "Why?"  Plaintiff explained

20  that several officers had physically attacked her, that they injured her, and that she thought the

21  officers wanted to kill her.

22  ///

23

24       Page 5 - COMPLAINT

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

18.

Plaintiff attempted to lodge a complaint with Sgt. Stockbridge, but Sgt. Stockbridge refused to issue a complaint file or number to Plaintiff.  When Sgt. Stockbridge asked why she should believe Plaintiff, Plaintiff showed Sgt. Stockbridge her injuries.  Sgt. Stockbridge replied that she still did not believe her.  Plaintiff pleaded with Sgt. Stockbridge to review the video of the incident, but the sergeant's response was simply that she would refer the matter to her supervisors and, "they would decide what to do."  Port employees also told Plaintiff that she should not contact the District Attorney because, "They won't do anything for you."

19.

A nurse finally came to see Plaintiff.  Plaintiff told the nurse that several officers had attacked her.  The nurse replied, "You can't say that."  The nurse superficially treated Plaintiff's wounds.  The Port booked and released Plaintiff in the early hours of the morning with a standard release agreement.  The Multnomah County Sheriff's Office ("MCSO") issued a property/money ledger and payment in the form of a check to Plaintiff in the amount of $2,233.60 (the amount of cash seized from her), which she was unable to access due to the time of day.  Plaintiff called an ambulance and informed the EMT staff of the officers' attack on her during her transport.

20.

Multnomah County Health Department, Corrections Health staff noted on a Pre-Booking Reception Emergency Response Record, at approximately 2:00 a.m., that Plaintiff complained of injury to her head and right shoulder.

///

Page 6 - COMPLAINT

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

Notice of Removal - Exhibit 1
Page 6 of 15

21.

Plaintiff presented to the Emergency Department at Oregon Health & Science University ("OHSU"), where she underwent a CT scan of the cranium and was treated for head injury and concussion, lumbosacral strain, thoracic strain, and shoulder sprain.  Plaintiff had visible injuries to her head, neck, face, chest, shoulder, arm, leg, foot, and ankle.  On her release from OHSU, Plaintiff made arrangements to travel back to Palm Springs and documented the events described herein.

22.

By letter of November 20, 2017, counsel for Plaintiff contacted Multnomah County Deputy District Attorney, Sean Hughey ("DDA Hughey"), and requested that the State dismiss the charges against Plaintiff and that the State open an investigation into the conduct of the arresting officers, Officers DOE.  As of the date of this complaint, Plaintiff does not know whether the State initiated an investigation.

23.

At the outset of the case charging Plaintiff with a crime, Multnomah County Circuit Case No. C17-CR-74639, the District Attorney declined to prosecute the "harassment" charge and ultimately moved to dismiss the "interfering with a police officer," charge "in the interest of justice."  The court dismissed the charge and the case against Plaintiff was closed on January 5, 2018, without further action.

24.

As a result of Officer DOES' assault and use of excessive force on Plaintiff, she has had to seek and receive treatment for the injuries referenced herein, including her right arm, shoulder,

Page 7 - COMPLAINT

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

Notice of Removal - Exhibit 1
Page 7 of 15

1    chest, and back.  Plaintiff has also sought and received counseling for the emotional trauma she

2    experienced.

3    25.

4    Since the events alleged herein, Plaintiff has also experienced extreme post-traumatic fear

5    and panic.  Plaintiff has not driven since the incident out of fear and anxiety caused by the

6    incidents described herein.  As a result of the incidents described herein, Plaintiff has lost work

7    and income, and she continues to suffer pain, loss of sleep, and interruption to her normal daily

8    activities.

9    TORT CLAIM NOTICE

10   26.

11   Pursuant to ORS 30.275, Plaintiff timely served written Tort Claim Notice of her claims

12   upon Defendant Port of Portland.

13   FIRST CLAIM FOR RELIEF - AGAINST PORT OF PORTLAND

14   (Negligence)

15   27.

16   Plaintiff re-alleges and incorporates paragraphs 1 though 26 herein.

17   28.

18   Defendant Port of Portland, by and through its employees and/or agents acting under

19   color of law, had a duty to avoid unnecessary harm to the persons they are sworn to protect.

20   Defendants failed to use the degree of care and judgment that would have been used by

21   reasonably careful officers to avoid harming someone when Defendant Port of Portland's

22   employee(s)/agent(s) suddenly, and without warning, tackled, knocked over, and forcefully

23

24   Page 8 - COMPLAINT

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

**Notice of Removal - Exhibit 1**
**Page 8 of 15**

1  restrained Plaintiff with violence and force sufficient to cause injury severe enough to require

2  immediate and continued medical treatment.

3                                    29.

4       As a direct, proximate and foreseeable result of Defendants' negligent conduct, as

5  described in the paragraphs above, Plaintiff incurred economic damages in the amount of

6  $100,000 in the form of medical bills and lost income, and non-economic damages in an amount

7  not to exceed $500,000 in the form of pain, mental suffering, emotional duress, humiliation,

8  severe inconvenience, and substantial interference with her activities of daily living.

9           SECOND CLAIM FOR RELIEF - AGAINST PORT OF PORTLAND

10                               (Battery)

11                                   30.

12      Plaintiff re-alleges and incorporates paragraphs 1 though 29 herein.

13                                   31.

14      Defendant Port of Portland, by and through its employees and/or agents acting under

15  color of law, intentionally caused harmful and offensive contact to Plaintiff when they applied

16  substantially more physical force to Plaintiff's body than reasonably necessary to arrest or detain

17  Plaintiff.

18                                   32.

19      As a direct and proximate result of Defendants' tortious conduct, as described in the

20  paragraphs above, Plaintiff incurred economic damages in the amount of $100,000 in the form of

21  medical bills and lost income, and non-economic damages in an amount not to exceed $500,000

22  in the form of pain, mental suffering, emotional duress, humiliation, severe inconvenience, and

23

24  Page 9 - COMPLAINT

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

Notice of Removal - Exhibit 1
Page 9 of 15

1  substantial interference with her activities of daily living.

2  <u>THIRD CLAIM FOR RELIEF - AGAINST PORT OF PORTLAND</u>

3  <u>(Assault)</u>

4  33.

5  Plaintiff re-alleges and incorporates paragraphs 1 though 32 herein.

6  34.

7  Defendant Port of Portland, by and through its employees and/or agents acting under

8  color of law, caused Plaintiff to reasonably fear imminent harmful or offensive physical contact

9  with Plaintiff's person when they engaged in the conduct described in the paragraphs above.

10  35.

11  As a direct and proximate result of Defendants' tortious conduct, as described in the

12  paragraphs above, Plaintiff incurred economic damages in the amount of $100,000 in the form of

13  medical bills and lost income, and non-economic damages in an amount not to exceed $500,000

14  in the form of pain, mental suffering, emotional duress, humiliation, severe inconvenience, and

15  substantial interference with her activities of daily living.

16  <u>FOURTH CLAIM FOR RELIEF - AGAINST PORT OF PORTLAND</u>

17  <u>(Count 1 - False Arrest)</u>

18  36.

19  Plaintiff re-alleges and incorporates paragraphs 1 though 35 herein.

20  37.

21  Defendant Port of Portland, by and through its employees and/or agents acting under

22  color of law, intentionally and without facts sufficient to cause a reasonable person to believe

23

24  Page 10 - COMPLAINT

1   that Plaintiff committed a crime, restrained Plaintiff's liberty when they tackled her, held her to

2   the ground, handcuffed her, and placed her in a locked patrol car.

3                                              38.

4          As a direct, proximate and foreseeable result of Defendants' tortious conduct, as

5   described in the paragraphs above, Plaintiff incurred economic damages in the amount of

6   $100,000 in the form of medical bills and lost income, and non-economic damages in an amount

7   not to exceed $500,000 in the form of pain, mental suffering, emotional duress, humiliation,

8   severe inconvenience, and substantial interference with her activities of daily living.

9                              (Count 2 - Negligent False Arrest)

10                                             39.

11         Plaintiff re-alleges and incorporates paragraphs 1 though 38 herein.

12                                             40.

13         Defendant Port of Portland, by and through its employees and/or agents acting under

14  color of law, had a duty to conduct a reasonable investigation and to have facts sufficient to

15  cause a reasonable person to believe that Plaintiff committed a crime prior to arresting Plaintiff.

16  Defendant breached that duty when its officers tackled Plaintiff, held her to the ground,

17  handcuffed her, and placed her in a locked patrol car without probable cause or a substantial

18  objective basis to believe that Plaintiff committed a crime, as described in the paragraphs above.

19                                             41.

20         As a direct, proximate and foreseeable result of Defendants' tortious conduct, as

21  described in the paragraphs above, Plaintiff incurred economic damages in the amount of

22  $100,000 in the form of medical bills and lost income, and non-economic damages in an amount

23

24   Page 11 - COMPLAINT

1 | not to exceed $500,000 in the form of pain, mental suffering, emotional duress, humiliation,

2 | severe inconvenience, and substantial interference with her activities of daily living.

3 | <u>FIFTH, SIXTH, SEVENTH, AND EIGHTH CLAIMS FOR RELIEF -</u>

4 | <u>AGAINST DOES 1- 4</u>

5 | <u>(42 USC §1983 – Fourth Amendment)</u>

6 | 42.

7 | Plaintiff re-alleges and incorporates paragraphs 1 though 41 herein.  Pursuant to 42

8 | U.S.C. § 1983, any person who "under color of any statute, ordinance, regulation, custom, or

9 | usage, of any State ... subjects, or causes to be subjected, any citizen of the United States ... to the

10 | deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be

11 | liable to the party injured in an action at law, suit in equity, or other proper proceeding for

12 | redress....".  At all times material hereto, Defendant acted or purported to act under color of law,

13 | statutes, ordinances, regulations, or customs.

14 | 43.

Plaintiff has a Fourth Amendment right to be secure in her person from unreasonable

15 | seizure.  DOES 1 through 4, acting under color of law, violated Plaintiff's right to be free from

16 | unreasonable seizure when they restrained Plaintiff of her personal freedom and ability to move

17 | about freely when said seizure was objectively unreasonable in light of the facts and

18 | circumstances, as described in the paragraphs above.

19 | 44.

20 | As a direct, proximate and foreseeable result of all claims for relief alleged herein,

21 | Plaintiff incurred economic damages in the amount of $100,000, and non-economic damages in

22 | the form of pain, mental suffering, emotional duress, humiliation, severe inconvenience, and

23 |

24 | Page 12 - COMPLAINT

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

1    substantial interference with her activities of daily living in the amount of $500,000.  Plaintiff

2    demands her attorney fees, costs, and disbursements pursuant to 42 USC § 1988.

3                NINTH CLAIM FOR RELIEF - AGAINST DEFENDANT PDX SHERATON

4                                     (Assault)

5                                       45.

6            Plaintiff re-alleges and incorporates paragraphs 1 though 44 herein.

7                                       46.

8            Defendant PDX Sheraton, by and through its employees and/or agents, caused Plaintiff to

9    reasonably fear imminent harmful or offensive physical contact with Plaintiff's person when they

10   engaged in the conduct described in the paragraphs above.

11                                      47.

12           As a direct and proximate result of Defendants' tortious conduct, as described in the

13   paragraphs above, Plaintiff incurred economic damages in the amount of $100,000 in the form of

14   medical bills and lost income, and non-economic damages in an amount not to exceed $500,000

15   in the form of pain, mental suffering, emotional duress, humiliation, severe inconvenience, and

16   substantial interference with her activities of daily living.

17               TENTH CLAIM FOR RELIEF- AGAINST DEFENDANT PDX SHERATON

18                                   (Defamation)

19                                      48.

20           Plaintiff re-alleges and incorporates paragraphs 1 though 47 herein.

21                                      49.

22            "Dave" while acting within the scope of his employment with Defendant PDX Sheraton,

23

24   Page 13 - COMPLAINT

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

1  made false and defamatory statements concerning Plaintiff to Officers DOE. The statements

2  made by "Dave" to Officers DOE had the tendency to injure Plaintiff because the statements

3  indicated that Plaintiff had committed a crime by allegedly harassing the hotel staff.

4                                         50.

5       Upon information and belief, Officers DOE understood that the statements were about

6  Plaintiff as the statements were made of, concerning, and mentioned Plaintiff expressly. The

7  statements made by "Dave" were entirely false and defamatory and exposed Plaintiff to arrest

8  and ultimately, physical injury by the police.

9                                         51.

10      As a direct and proximate result of "Dave's" defamatory publication, as described in the

11 paragraphs above, Plaintiff has incurred economic damages in the amount of $100,000 in the

12 form of medical bills and lost income, and non-economic damages in an amount not to exceed

13 $500,000 in the form of pain, mental suffering, emotional distress, humiliation, severe

14 inconvenience, and substantial interference with her activities of daily living.

15 ELEVENTH CLAIM FOR RELIEF - AGAINST DEFENDANT FOUR POINTS SHERATON

16                                      (Assault)

17                                        52.

18      Plaintiff re-alleges and incorporates paragraphs 1 though 51 herein.

19                                        53.

20      Defendant Four Points Sheraton, by and through its employees and/or agents, caused

21 Plaintiff to reasonably fear imminent harmful or offensive physical contact with Plaintiff's

22 person when they engaged in the conduct described in the paragraphs above.

23

24    Page 14 - COMPLAINT

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com

54.

As a direct and proximate result of Defendant's tortious conduct, as described in the paragraphs above, Plaintiff has incurred economic damages in the amount of $100,000 in the form of medical bills and lost income, and non-economic damages in an amount not to exceed $500,000 in the form of pain, mental suffering, emotional distress, humiliation, severe inconvenience, and substantial interference with her activities of daily living.

55.

WHEREFORE, Plaintiff requests the following for her claims for relief:

1. Economic damages in the amount of $100,000;

2. Non-economic damages in the amount of $500,000;

3. Any other relief this Court deems just and equitable.

4. Reasonable attorney fees, costs, and disbursements pursuant to 42 U.S.C. § 1988 for Plaintiff's Fifth, Sixth, Seventh, and Eighth Claims.

DATED this 10th day of September 2018.

 s/ R. Grant Cook
R. Grant Cook, OSB#062064
gcook@lafky.com
LAFKY & LAFKY

Page 15 - COMPLAINT

LAFKY & LAFKY
ATTORNEYS AT LAW
429 COURT ST. NE, SALEM, OR 97301
TELEPHONE (503) 585-2450 - FAX (503) 585-0205 - Email Info@lafky.com