Kevin T. Lafky, OSB#852633
klafky@lafky.com
Christopher M. Edison, OSB#183318
cedison@lafky.com
Lafky & Lafky
429 Court Street NE
Salem, OR 97301
Telephone: (503) 585-2450
Facsimile: (503) 585-0205
Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **HOWARD GROBSTEIN,** as Chapter 7 Bankruptcy Trustee for**, BLANCA AGUIRRE**,<br><br>            Plaintiff,<br><br>       v.<br><br>**PORT OF PORTLAND**, a Municipal Corporation, **THOMAS T. KO**, an individual, **JEREMY HEPP**, an individual, **JACOB CASSITY**, an individual, **JERRY SALDIVAR**, an individual, **POLLIN HOTELS II, LLC**, an Oregon limited liability company, doing business as SHERATON PORTLAND AIRPORT HOTEL, **STARWOOD HOTELS & RESORTS WORLDWIDE, LLC**, a foreign limited liability company doing business as and **CANTERBURY HOTEL GROUP,** an Oregon company, doing business as **FOUR POINTS BY SHERATON PORTLAND EAST,**<br><br>            Defendants. | Case No. 3:18-cv-01916-HZ<br><br>PRETRIAL ORDER |

        This pretrial order is submitted pursuant to LR 16-5.

///


PAGE 1 - PRETRIAL ORDER

///

**1.    NATURE OF THE ACTION**

Plaintiff alleges seven claims. Plaintiff alleges an assault claim and a battery claim against Defendant Port of Portland. Plaintiff alleges a claim under: 42 U.S.C § 1983 against Defendants ‑Thomas T. Ko, Jeremy Hepp, Jeremy Cassity, and Jerry Saldivar. Plaintiff alleges a defamation claim against Defendant Pollin Hotels, II, LLC. Defendants deny all allegations. Trial will be to a jury.

**2.    SUBJECT MATTER JURISDICTION**

This court has jurisdiction over Plaintiff's 42 U.S.C. § 1983 claims pursuant to 28 U.S.C. § ‑1331, and supplemental jurisdiction over Plaintiff's state law claims, pursuant to 28 U.S.C. § 1367.

**3.    AGREED FACTS**

(1) Howard Grobstein, is the Chapter 7 Bankruptcy for Blanca Aguirre. Blanca Aguirre ("Plaintiff") was a resident of California and traveling through Portland, Oregon on or about October 25, 2017.

(2) Plaintiff timely served a Tort Claim Notice of her claims to Defendant Port of ,Portland.

(3) Plaintiff is a Hispanic female whose first language is Spanish.

(4) Defendant Port of Portland ("the Port") is a port district and municipal corporation of the State of Oregon with its principal place of business in the City of Portland, Multnomah County, Oregon.

(5) The Port owns and operates the Portland International Airport, located at 7000 NE

Airport Way, in Portland, Multnomah County, Oregon, as well as the Port of Portland police.

(6) Defendant Thomas T. Ko ("Officer Ko") was an employee of the Port of Portland police and acting as a law enforcement officer within the scope of his employment/agency and acting under color of law.

(7) Defendant Jeremy Hepp ("Sergeant Hepp") was an employee of the Port of Portland police and acting as a law enforcement officer within the scope of his employment/agency and acting under color of law.

(8) Defendant Jacob Cassity ("Officer Cassity") was an employee of the Port of Portland police and acting as a law enforcement officer within the scope of his employment/agency and acting under color of law.

(9) Defendant Jerry Saldivar ("Officer Saldivar") was an employee of the Port of Portland police and acting as a law enforcement officer within the scope of his employment/agency and acting under color of law.

(10) Defendant Pollin Hotels II, LLC, ("Pollin").is an Oregon limited liability company, doing business as Sheraton Portland Airport Hotel located at 8235 NE Airport Way in Portland, Oregon

(11) Plaintiff was at the Portland International Airport ("PDX") traveling home to Palm Springs, California on the evening on October 24, 2017.

(12) Mr. Tate is now deceased.

(13) Defendants had probable cause to arrest plaintiff.

///

///

///

PAGE 3 - PRETRIAL ORDER

4.  **CLAIMS AND DEFENSES**

## CLAIM TWO

### BATTERY - against Port of Portland

**(A)  Plaintiff contends:**

(1) Defendant Port of Portland's employees and/or agents intentionally caused harmful and offensive contact to Plaintiff by using substantially more physical force than reasonably necessary during her arrest on October 24, 2017.

(2) Plaintiff suffered damages in the amount of $600,000, consisting of $100,000 in economic damages and $500,000 in non-economic damages, as a result of Defendants' employees and/or agents conduct.

**(B)  Defendants contend:**

(1) Defendants deny plaintiff's contentions.

(2) Plaintiff's complaint fails to state a claim for relief.

(3) Defendants had probable cause and full authority to arrest and detain plaintiff and used the amount of force they reasonably believed was necessary to arrest plaintiff.

(4) Plaintiff has failed to mitigate her damages.

///

///

///

PAGE 4 - PRETRIAL ORDER

## CLAIM THREE

### ASSAULT - against Port of Portland

**(A)** **Plaintiff contends:**

(1) Defendant Port of Portland's employees and/or agents, acting under color or law, caused Plaintiff to reasonably fear imminent harmful or offensive physical contact with Plaintiff's person during her arrest on October 24, 2017.

(2) Plaintiff suffered damages in the amount of $600,000, consisting of $100,000 in economic damages and $500,000 in non-economic damages, as a result of Defendant's conduct.

**(B)** **Defendants contend:**

(1) Defendants deny plaintiff's contentions.

(2) Plaintiff's complaint fails to state a claim for relief.

(3) Defendants had probable cause and full authority to arrest and detain plaintiff and used the amount of force they reasonably believed was necessary to arrest plaintiff.

(4) Plaintiff has failed to mitigate her damages.

## CLAIM FIVE

### VIOLATION OF 42 U.S.C § 1983 - Fourth Amendment (Officer Thomas T. Ko)

**(A)** **Plaintiff contends:**

(1) Plaintiff's Fourth Amendment right from unreasonable seizure was violated when Officer Thomas T. Ko restrained Plaintiff of her personal freedom and ability to move freely during the arrest that occurred on October 24, 2017, and was

        objectively unreasonable in the light of the circumstances.

(2)    Plaintiff suffered damages in the amount of $600,000, consisting of $100,000 in economic damages and $500,000 in non-economic damages, as a result of Defendant's conduct and request reasonable attorney fees and costs.

**(B)    Defendants contend:**

(1)    Defendants deny plaintiff's contentions.

(2)    Plaintiff's complaint fails to state a claim for relief.

(3)    Defendants had probable cause and full authority to arrest and detain plaintiff and used the amount of force they reasonably believed was necessary to arrest plaintiff.

(4)    Plaintiff has failed to mitigate her damages.

(5)    Defendant Ko is entitled to qualified immunity.

## CLAIM SIX

**VIOLATION OF 42 U.S.C § 1983 - Fourth Amendment (Officer Jacob Cassity)**

**(A)    Plaintiff contends:**

(1)    Plaintiff's Fourth Amendment right from unreasonable seizure was violated when Officer Jacob Cassity restrained Plaintiff of her personal freedom and ability to move freely during the arrest that occurred on October 24, 2017, and was objectively unreasonable in the light of the circumstances. .

(2)    Plaintiff suffered damages in the amount of $600,000, consisting of $100,000 in economic damages and $500,000 in non-economic damages, as a result of Defendant's conduct and request reasonable attorney fees and costs.

**(B)   Defendants contend:**

(1)   Defendants deny plaintiff's contentions.

(2)   Plaintiff's complaint fails to state a claim for relief.

(3)   Defendants had probable cause and full authority to arrest and detain plaintiff and used the amount of force they reasonably believed was necessary to arrest plaintiff.

(4)   Plaintiff has failed to mitigate her damages.

(5)   Defendant Cassity is entitled to qualified immunity.

## CLAIM SEVEN

**VIOLATION OF 42 U.S.C § 1983 - Fourth Amendment (Officer Jerry Saldivar)**

**(A)   Plaintiff contends:**

(1)   Plaintiff's Fourth Amendment right from unreasonable seizure was violated when Officer Jerry Saldivar restrained Plaintiff of her personal freedom and ability to move freely during the arrest that occurred on October 24, 2017, and was objectively unreasonable in the light of the circumstances. .

(2)   Plaintiff suffered damages in the amount of $600,000, consisting of $100,000 in economic damages and $500,000 in non-economic damages, as a result of Defendant's conduct and request reasonable attorney fees and costs.

**(B)   Defendants contend:**

(1)   Defendants deny plaintiff's contentions.

(2)   Plaintiff's complaint fails to state a claim for relief.

(3)   Defendants had probable cause and full authority to arrest and detain

PAGE 7 - PRETRIAL ORDER

plaintiff and used the amount of force they reasonably believed was necessary to arrest plaintiff..

(4)   Plaintiff has failed to mitigate her damages.

(5)   Defendant Ko is entitled to qualified immunity.

## CLAIM EIGHT

### VIOLATION OF 42 U.S.C § 1983 - Fourth Amendment (Sergeant Jeremy Hepp)

**(A)   Plaintiff contends:**

(1)   Plaintiff's Fourth Amendment right from unreasonable seizure was violated when Sergeant Jeremy Hepp restrained Plaintiff of her personal freedom and ability to move freely during the arrest that occurred on October 24, 2017, and was objectively unreasonable in the light of the circumstances.

(2)   Plaintiff suffered damages in the amount of $600,000, consisting of $100,000 in economic damages and $500,000 in non-economic damages, as a result of Defendant's conduct and request reasonable attorney fees and costs.

**(B)   Defendants contend:**

(1)   Defendants deny plaintiff's contentions.

(2)   Plaintiff's complaint fails to state a claim for relief.

(3)   Defendants had probable cause and full authority to arrest and detain plaintiff and used the amount of force they reasonably believed was necessary to arrest plaintiff..

(4)   Plaintiff has failed to mitigate her damages.

(5)   Defendant Hepp is entitled to qualified immunity.

PAGE 8 - PRETRIAL ORDER

## CLAIM TEN

## DEFAMATION - against Defendant Pollins Hotel II

**(A)**     **Plaintiff contends:**

    (1)     Defendant's employee, Michael Sean Tate, made false and defamatory statement concerning Plaintiff to law enforcement officials. Mr. Tate was acting within the scope of his employment with Defendant.

    (2)     Mr. Tate's statements to the Officers indicated that Plaintiff had committed a crime by allegedly harassing hotel staff and had a tendency to injure Plaintiff.

    (3)     The statements were concerned and expressly mentioned Plaintiff. Mr. Tate's statements were false and defamatory and exposed Plaintiff to arrest and ultimately physical injury by the law enforcement officials.

    (4)     Plaintiff suffered damages in the amount of $600,000, consisting of $100,000 in economic damages and $500,000 in non-economic damages, as a result of Defendant's conduct.

**(B)**     **Defendants contends:**

    (1)     There is no admissible evidence of a false or defamatory statement.

    (2)     Mr. Tate did not make any statements that were false or defamatory.

    (3)     Mr. Tate was acting in his personal capacity and was not acting within the course or scope of his employment when he interacted with law enforcement regarding his personal contact with Plaintiff.

    (4)     Mr. Tate's interactions with and statements to law enforcement were privileged.

    (5)     Plaintiff's complaint fails to state a claim for relief.

  (6) Plaintiff has failed to mitigate her damages.

**5.** **OTHER LEGAL ISSUES APPROPRIATE FOR DECISION BEFORE TRIAL**

  (1) Identification and admissibility of statements allegedly made by Mr. Tate.

**6.** **PROPOSED AMENDMENTS TO THE PLEADINGS**

  (1) Pollin seeks to amend its Answer to include an affirmative defense that Mr. Tate's allegedly defamatory statements were privileged.

DATED this 1st day of October 2021.

| **PLAINTIFF'S LAW FIRM** | **COUNSEL FOR DEFENDANTS** |
|---|---|
| s/ Christopher M. Edison<br>Attorney for Plaintiff | s/ Beth Plass<br>Attorney for Port Defendants |
| | s/ Sean K. Conner<br>Attorney for Pollin Hotels II, LLC |

Kevin T. Lafky, OSB#852633
klafky@lafky.com
Christopher M. Edison, OSB#183318
cedison@lafky.com
Lafky & Lafky
429 Court Street NE
Salem, OR 97301
Telephone: (503) 585-2450
Facsimile: (503) 585-0205
Attorneys for Plaintiff Howard Grobstein, as Chapter 7 Bankruptcy Trustee for Blanca Aguirre

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **HOWARD GROBSTEIN,** as Chapter 7 Bankruptcy Trustee for**, BLANCA AGUIRRE**, <br><br>    Plaintiff, <br><br> v. <br><br> **PORT OF PORTLAND**, a Municipal Corporation, **THOMAS T. KO**, an individual, **JEREMY HEPP**, an individual, **JACOB CASSITY**, an individual, **JERRY SALDIVAR**, an individual, **POLLIN HOTELS II, LLC**, an Oregon limited liability company, doing business as SHERATON PORTLAND AIRPORT HOTEL, **STARWOOD HOTELS & RESORTS WORLDWIDE, LLC**, a foreign limited liability company doing business as and **CANTERBURY HOTEL GROUP,** an Oregon company, doing business as **FOUR POINTS BY SHERATON PORTLAND EAST,** <br> Defendants. | Case No. 3:18-cv-01916-YY <br><br> CERTIFICATE OF SERVICE |

I hereby certify that I have made service of the foregoing **Joint Pre-Trial Order** on the

counsel of the parties herein by electronic and regular mail on October 1, 2021.

**PAGE 1–CERTIFICATE OF SERVICE**

DATED this 1 day of October 2021.

*s/ Christopher M. Edison*
Kevin T. Lafky, OSB#852633
klafky@lafky.com
Christopher M. Edison, OSB#183318
cedison@lafky.com
Lafky & Lafky
429 Court Street NE
Salem, OR 97301
(503) 585-2450

**PAGE 2–CERTIFICATE OF SERVICE**